UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| 818 Partners, LLC, | Case No. 23-cv-3279 (JRT/DLM) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Blue Holdco 440, LLC, successor by merger to Burger King Holdings, Inc., successor by merger to Burger King Corporation, | |
| Defendant. | |

---

This matter is before the Court on Defendant Blue Holdco 440, LLC's November 13, 2023 Letter to the Court stating that Defendant "is agreeable to having this matter dismissed for lack of subject-matter jurisdiction and remanded to state court." (Doc. 4.) Pretrial matters have been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1. For the reasons below, the Court recommends that this action be dismissed without prejudice for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3).

Defendant filed its Removal Notice on October 25, 2023. (Doc. 1.) In its notice, Defendant alleges that this Federal Court has subject-matter jurisdiction over the action based on diversity jurisdiction because "[a]t the time this Notice of Removal was filed, there was complete diversity of citizenship between the Plaintiff and Defendant," (*id.* ¶ 8), and it alleges that the amount in controversy exceeds $75,000, (*id.* ¶ 9). Defendant asserted

there is diversity between the parties because Defendant "was formerly a limited liability company organized under the laws of Delaware, with its principal place of business in Miami, Florida," (*id.* ¶ 7), and Plaintiff "[u]pon information and belief . . . is a limited liability company duly organized under the laws of the State of Minnesota, with its principal place of business located within the State of Minnesota[,]" (*id.* ¶ 6).

Before the Court may consider the merits of a case, it must ensure it has the requisite subject-matter jurisdiction to adjudicate it. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982–83 (8th Cir. 2009) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)); *Great River Ent., LLC v. Zurich Am. Ins. Co.*, 81 F.4th 1261, 1262 (8th Cir. 2023) (quoting *Franklin ex rel. Franklin v. Peterson*, 878 F.3d 631, 635 (8th Cir. 2017)). Subject matter jurisdiction is of such threshold importance because federal courts are courts of limited jurisdiction; "they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender*, 475 U.S. at 541. Federal Rule of Civil Procedure 12 states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A party asserting subject-matter jurisdiction based on diversity of citizenship bears the burden to establish the citizenship of the parties in the pleadings. *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990) (citation omitted). Here, Defendant alleges that the Court's jurisdiction over this action derives from 28 U.S.C. § 1332(a). (Doc. 1 ¶ 8.) Title 28 U.S.C. § 1332(a) states that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1). Upon review, the Court finds that Defendant has not met its burden to establish with specificity the citizenship of the parties.

In this case, Defendant Bule Holdco asserts in filing this Removal Notice there is subject-matter jurisdiction based on diversity of citizenship between the parties. (Doc. 1 ¶¶ 8–9.) Thus, it is Blue Holdco's burden to establish complete diversity between itself and Plaintiff 818 Partners. Defendant states for itself that it "was formerly a limited liability company organized under the laws of Delaware, with its principal place of business in Miami, Florida." (*Id.* ¶ 7.) It also alleges that Plaintiff "[u]pon information and belief . . . is a limited liability company duly organized under the laws of the State of Minnesota, with its principal place of business located within the State of Minnesota." (*Id.* ¶ 6.) Blue Holdco has not established diversity of citizenship by such pleadings.

"[A]n LLC's citizenship is that of its members[.]" *Great River Ent.,* 2023 WL 5839565, at *1 (citing *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004)). A federal court, therefore, must consider "the citizenship of each general and limited partner" when "determining whether complete diversity of citizenship exists." *Barclay Square Properties*, 893 F.2d at 969 (citing *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988)). "[B]ecause a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well[,]" if any. *Fifth Third Mortg. Co. v. Lamey*, No. 12-CV-2923 (JNE/TNL), 2012 WL 5936055, at *1 (D. Minn.

3

Nov. 27, 2012) (citing *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009)).

Defendant Blue Holdco states in its Removal Notice that it "was formerly a limited liability company" with citizenship in Delaware and Florida. (Doc. 1 ¶ 7.) But Blue Holdco stops short of identifying the citizenship of any of its own members or sub-members. Defendant also states that Plaintiff 818 Partners is a limited liability company with citizenship in Minnesota. (*Id.* ¶ 6.) But here too, Defendant stops short of identifying the citizenship of any of 818 Partners' members or sub-members, instead relying only on "information and belief" to allege Plaintiff's citizenship. (*Id.*)

This is not enough. Until a party obtains some information about the identity and citizenship of an LLC's members, the party "should not represent to a court—even 'upon information and belief'—that the (unidentified) members of the LLC are not citizens of a particular state." *Key Enterprises, LLC v. Morgan*, 12-cv-2628 (PJS/JSM), 2013 WL 353911, at *2 (D. Minn. Jan. 29, 2013). Federal courts need to know the citizenship, with specificity, of each member because a member of an LLC may have multiple sub-members, and sub-sub-members may have multiple citizenships themselves. *Id.* at *3; *see also Am. Seeds, LLC v. Dalchow*, No. 12-cv-2951 (JNE/LIB), 2012 WL 5931721, at *1 (D. Minn. Nov. 27, 2012). Blue Holdco cannot expect the Court to rely merely "[u]pon [its] information and belief" that unidentified members of an LLC are or are not citizens of a particular state. Rather, to meet its burden to establish subject-matter jurisdiction based on diversity jurisdiction, Blue Holdco must identify the citizenship of its own members and sub-members and allege that it has undertaken a reasonable inquiry to determine the

4

citizenship of 818 Partners' members and sub-members (and if applicable, each sub-sub-member). Fed. R. Civ. P. 11(b). Therefore, the Court ordered Defendant to file an amended removal notice to replead with specificity the citizenships of the parties' LLCs. (Doc. 3.) Instead, Defendant has filed a letter with the Court stating that it "is agreeable to having this matter dismissed for lack of subject-matter jurisdiction and remanded to state court[,]" (Doc. 4). While subject matter jurisdiction does not depend on whether a party is agreeable to it, absent some showing of complete diversity (which Defendant has failed to make), the Court cannot satisfy itself that this matter is properly in federal court.

The Federal Rules of Civil Procedure are clear that when the Court lacks subject-matter jurisdiction, it must dismiss an action. *See* Fed. R. Civ. P. 12(h)(3). Accordingly, the Court now recommends this case be dismissed without prejudice for lack of subject-matter jurisdiction and remanded to state court. *See Johnson v. St. Louis Cnty. Pub. Health & Hum. Servs.*, No. 19-cv-0111 (SRN/LIB), 2019 WL 7580104, at *7 (D. Minn. Aug. 28, 2019) (citation omitted), *R. and R. adopted*, 2019 WL 5677871 (D. Minn. Nov. 1, 2019), *aff'd*, 817 F. App'x 294 (8th Cir. 2020); *Woolery v. Peterson*, No. 16-cv-1745 (JRT/FLN), 2016 WL 6916801, at *2 (D. Minn. Nov. 22, 2016).

## RECOMMENDATION

Based on the all the files, records, and proceedings above, **IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3).

Date: November 14, 2023                    *s/Douglas L. Micko*
                                                                     DOUGLAS L. MICKO
                                                                     United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy" of the Report and Recommendation.

A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).